UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| AHMAD McCARTHAN,<br>Plaintiff,<br>v.<br><br>WOODRIDGE APARTMENTS, LLC,<br>JVM REALTY CORPORATION, and<br>LANDMAN & BEATTY LAWYERS, LLP,<br><br>Defendants. | **COMPLAINT**<br>**(Jury Trial Requested)** |

Plaintiff Ahmad McCarthan, through undersigned counsel, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, including the damages, attorney fees, and costs available under South Carolina law.
2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants directed collection activity toward Plaintiff in this District, and Plaintiff resides in Chesterfield County, South Carolina.
3. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same facts as Plaintiff's federal claim.

**PARTIES**

4. Plaintiff Ahmad McCarthan is a resident of Chesterfield County, South Carolina.

5. Defendant Woodridge Apartments, LLC manages residential apartment complexes, including properties in Indiana. It directed debt-collection activity toward Plaintiff in South Carolina.
6. Defendant JVM Realty Corporation is the managing agent for Woodridge Apartments, LLC.
7. Defendant Landman & Beatty Lawyers, LLP ("Landman Beatty") is a law partnership headquartered in Indianapolis, Indiana. It collected or attempted to collect the alleged debt on behalf of Woodridge Apartments.

**FACTS**

8. Plaintiff is a citizen and resident of South Carolina. Except for a six month stay in Indiana, Plaintiff has resided in South Carolina his entire life.
9. The alleged debt arose from Plaintiff's temporary tenancy at a Woodridge Apartments property in Indiana during 2011.
10. On July 11, 2011, Woodridge Apartments obtained a default judgment against Plaintiff in Indiana state court for $3,578.52 in damages and $515.00 in attorney fees.
11. The judgment remained dormant and unenforced for approximately eight years.
12. In 2019, Woodridge Apartments and Landman Beatty initiated supplemental proceedings in the Indiana court to enforce the judgment through wage garnishment against Plaintiff.
13. On January 8, 2020, the Indiana court entered a final garnishment order.
14. The garnishment order directs that 25 percent of Plaintiff's disposable earnings be withheld.
15. The garnishment order seeks to collect an unpaid balance of $4,192.52, plus post-judgment interest, on the alleged apartment debt.
16. Plaintiff did not appear or defend the original Indiana action.
17. When the Indiana court entered the garnishment order in January 2020, Plaintiff was a resident of South Carolina.
18. Plaintiff's employer, Abernethy, operates in South Carolina.
19. In direct violation of South Carolina law, Defendants have attempted to garnish wages earned by Plaintiff in South Carolina, including wages paid by Plaintiff's current employer.
20. The alleged debt arose from residential tenancy and was incurred for personal, family, or household purposes.
21. In 2026, Woodridge Apartments and Landman Beatty continued proceedings supplemental and collection efforts directed at Plaintiff.

22. As of September 2026, no garnishment amount had been withheld from Plaintiff's wages.

## FIRST CAUSE OF ACTION

**(Violation of South Carolina Code § 37-5-108 - Against All Defendants)**

23. Plaintiff repeats and realleges the preceding paragraphs.
24. Plaintiff's wages are earned in South Carolina, where he resides.
25. The alleged debt does not arise from child support, spousal support, federal tax obligations, federal student-loan obligations, criminal restitution, or any other exception permitting wage garnishment.
26. Defendants attempted to enforce the Indiana garnishment order against Plaintiff's South Carolina wages for a consumer debt.
27. Defendants' conduct violated South Carolina Code § 37-5-108.
28. As a result, Plaintiff has suffered actual damages and is entitled to all relief available by law.

## SECOND CAUSE OF ACTION

**(Violation of South Carolina Code § 39-5-10 - Against All Defendants)**

29. Plaintiff repeats and realleges the preceding paragraphs.
30. Defendants engaged in unfair or deceptive acts or practices in trade or commerce by attempting to enforce an Indiana wage-garnishment order against a South Carolina resident's wages for a consumer debt.
31. Defendants represented or implied to Plaintiff, his employer, or others that the garnishment order could be enforced against Plaintiff's wages in South Carolina.
32. Defendants' conduct created the false impression that Plaintiff's wages were subject to garnishment in South Carolina for the alleged consumer debt.
33. Defendants' conduct was unfair and deceptive and affected the public interest because it arose from debt-collection practices capable of repetition.
34. Plaintiff suffered actual damages as a direct and proximate result of Defendants' conduct.
35. Plaintiff is entitled to the remedies available under South Carolina law, including actual damages, enhanced damages where authorized, attorney fees, costs, and injunctive relief.

## THIRD CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act - Against Landman Beatty)**

36. Plaintiff repeats and realleges the preceding paragraphs.
37. Landman Beatty is a debt collector within the meaning of the Fair Debt Collection Practices Act because it regularly collects or attempts to collect consumer debts owed or asserted to be owed to another.
38. Plaintiff is a consumer, and the alleged debt is a consumer debt within the meaning of the Fair Debt Collection Practices Act.
39. Landman Beatty used unfair or unconscionable means to collect or attempt to collect the alleged debt by attempting to enforce a garnishment order against Plaintiff's South Carolina wages for a consumer debt.
40. Landman Beatty used false, deceptive, or misleading representations in connection with collection of the alleged debt by representing or implying that the Indiana garnishment order could be enforced against Plaintiff's wages in South Carolina.
41. Landman Beatty's conduct caused Plaintiff actual damages.
42. Plaintiff is entitled to actual damages, statutory damages, attorney fees, costs, and any other relief available under the Fair Debt Collection Practices Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants and award:

1. Actual damages;
2. Enhanced damages as authorized by law;
3. Statutory damages under the Fair Debt Collection Practices Act;
4. Prejudgment and post-judgment interest as permitted by law;
5. Reasonable attorney fees and costs;
6. A permanent injunction prohibiting Defendants from attempting to enforce the Indiana garnishment order against Plaintiff's wages earned in South Carolina; and
7. Such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

Dated: November 18, 2026